## No. 27766

**The People of the State of Colorado ex rel. C. J. Kuiper, State Engineer, and D. H. McFadden, Division Engineer, Water Division No. 3 v. Peter L. DeHerrera and Augustine J. DeHerrera**

(587 P.2d 279)

Decided November 27, 1978.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, for plaintiffs-appellees.

Levi Martinez, for defendants-appellants.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

■ This is an appeal from an order granting a summary judgment to the People of the State of Colorado *ex rel.* C. J. Kuiper and D. H. McFadden, appellees, (collectively referred to as the State), plaintiffs in the trial court, enjoining the appellants, Peter L. DeHerrera and Augustine J. DeHerrera, defendants in the trial court, from using their decreed water to irrigate land located outside of Sections 25 and 30, Township 33 North, Range 10 East, of the New Mexico Principal Meridian, and outside the watershed of the San Antonio River. The trial court found that there was no genuine issue of material fact and granted summary judgment. A review of the record discloses that there are genuine issues as to material facts which should be resolved. Therefore, we reverse and remand for trial.

Peter L. DeHerrera and his brother Augustine DeHerrera each own an undivided quarter interest in the Lovato Irrigation Ditch, which is Ditch No. 31, Priority No. 33, as of June 14, 1867 (referred to as Lovato Ditch or Lovato Water). The volume or quantity of water is not material to the issues.

In 1968, Peter L. DeHerrera obtained a permit from the state engineer to change the decreed point of diversion to the headgate of the Teodora Ditch No. 2. In issuing the permit, the state engineer specifically found:

"That the diversion [granted by the permit] . . . at an alternate or supplemental point of diversion which is the headgate of the Teodora Ditch No. 2 . . . will not adversely affect the rights of other appropriators on said San Antonio River, and will be used to apply water to land currently being irrigated under said decree and is necessary to the beneficial use of water by applicant, Peter L. DeHerrera."

The permit was effective on date of issue and provided,

"[A]ny owner of a water right in the same water district [could] apply in writing to the State Engineer to have the issuance of this permit reopened within two years hereof."

No applications to reopen were ever filed.

The trial court in resolving the factual issues against the defendants reviewed the state's affidavits and the transcript of the 1968 hearing and found:

"[T]hat the plaintiff's affidavit indicates that Peter L. DeHerrera, at the time of the hearing . . . presented evidence to the State Engineer that he desired to irrigate lands within Section 25, Township 33 North, Range 9 East, and Section 30, Township 33 North, Range 10 East, NMPM, these lands being within the drainage basin of the San Antonio River. The Court further finds that the State Engineer, in reliance upon the evidence submitted by the defendant Peter L. DeHerrera, granted said defendant a permit to change his point of diversion to the headgate of the Teodora Ditch No. 2 after finding that the change would

allow the defendant to apply water to land currently being irrigated under said decree.

"15.   The defendants herein are presently irrigating land located in Section 6, Township 32 North, Range 10 East of the New Mexico [Principal] Meridian . . . .

. . . .

"17.   The defendants' evidence that the lands in Section 6, Township 32 North, Range 10 East of the New Mexico [Principal] Meridian had been irrigated by the defendants and their predecessors in interest at some time in the past was not disputed; *however, no evidence was presented to establish that the irrigation of those lands was with water from the Lovato Ditch . . . . The evidence presented by the State that Lovato Ditch water had not been applied to the lands described in paragraph 15 above remains uncontroverted.*

. . . .

"19.   *The uncontroverted evidence shows that the land south of the Taos Valley Canal No. 3 had not been historically irrigated by water from the Lovato Irrigation Ditch and that at the time of the granting of the permit referred to in paragraph 13 above, the defendants were not in fact irrigating lands in Section 6, Township 32 North, Range 10 East, NMPM.*" (Emphasis added.)

The underscored portions of the trial court's findings are not unequivocally supported by either the transcript of the 1968 hearing or the affidavits of the state's witnesses. One may draw the conclusion from the 1968 transcript that Peter DeHerrera was irrigating land in Section 6 when water was available and that the water came from the Lovato Ditch. Further, it is clear that land "south" of Sections 25 and 30 which was being irrigated could only have been in Section 6.

In his affidavit in opposition to the summary judgment Peter DeHerrera, in reference to this same issue, stated:

"7.   That affiant has irrigated the lands he owns in Section 6, TWP. 32 N. R.10 E., 6th P.M. for many years and affiant's predecessors had irrigated lands near the Cove Lake ever since the adjudication of the water rights under priority No. 33 as of June 14, 1867, and affiant can produce witnesses who will so testify in addition to his own testimony.

"8.   That on the date of the granting of the permit for alternate or supplemental point of diversion of officials of the State of Colorado, to-wit: The State Engineer, Deputies, Division Engineer, Water Commissioner and deputies were well and totally aware that affiant was irrigating lands in Section 6, TWP. 32 N. R. 10 E. 6th P.M. and no objection to same was entered by any of said officials."

The trial court in support of the summary judgment found:

"The defendant Peter L. DeHerrera, in his affidavit dated March 7, 1977, did not state that the irrigation of lands in Section 6 . . . was ever

accomplished with waters from the Lovato Irrigation Ditch nor that the Lovato Irrigation Ditch right was the only water right owned by the plaintiff capable of application to the lands in Section 6."

Paragraph 7 of the DeHerrera affidavit, quoted above, contradicts the court's conclusion. In addition, it appears from the transcript of the 1968 hearing that the Lovato Water right was used almost exclusively on all of the land which Peter owned. It was brought out by Mr. Crosley, the division engineer, Mr. Parker, water commissioner for District No. 22, and Mr. Smith, the deputy state engineer, that the Lovato Water (Priority No. 33) was very good water and that "Teodora Water No. 2 is pretty late priority."

Thus, it appears to be arguable that Peter DeHerrera was referring to the Lovato Water as the source for the irrigation of Section 6. There is other testimony by Peter DeHerrera that strongly suggests that the Lovato Water was historically used on Section 6 land whenever the river carried enough water to supply the ditch.

Inasmuch as there appears to be a genuine issue of a material fact to be resolved, there is no need to discuss the other affidavits on which the trial court relied in issuing the summary judgment. Much of the argument in the briefs relates to the water rights of Peter DeHerrera, and our discussion of the evidence relates primarily to that phase of the judgment. However, there also appears to be some question as to whether the return flow of Augustine DeHerrera's water is to the San Antonio River, as limited by his permit. Inasmuch as substantially the same evidence will relate to the issues as to both appellants, all issues should be adjudicated after a full trial.

Judgment reversed and cause remanded.

MR. JUSTICE GROVES and MR. JUSTICE ERICKSON do not participate.